# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CONSTANCE NESGODA,**
**Claimant Below, Petitioner**

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0520** (BOR Appeal No. 2050895)
(Claim No. 2014014329)

**GENESIS HEALTHCARE CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Constance Nesgoda, by Samuel F. Hanna, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Genesis Healthcare Corporation, by Evan J. Jenkins, its attorney, filed a timely response.

The issue on appeal is whether carpal tunnel syndrome and a ganglion cyst of the right wrist are compensable conditions of the claim. On July 31, 2014, the claims administrator issued a decision denying the additional conditions of carpal tunnel syndrome and a ganglion cyst of the right wrist. Also on July 31, 2014, the claims administrator denied the request for a consultation with an upper extremity specialist.[1] On October 9, 2015, the Office of Judges affirmed the claims administrator's decision denying the additional conditions of carpal tunnel syndrome and a ganglion cyst of the right wrist. The Office of Judges reversed the claims administrator's decision denying the request for a consultation with an upper extremity specialist. The Order was affirmed by the Board of Review on May 3, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] This issue is not on appeal before the Court.

1

Ms. Nesgoda, an employee of Genesis Healthcare Corporation, suffered a compensable injury on October 19, 2013, during the course of her employment. No report of injury or decision holding the claim compensable was submitted into evidence. An April 14, 2014, MRI report of the right wrist revealed a 21 x 5 millimeter ganglion cyst along the volar aspect of the radial styloid process. There was minor reactive arthrosis involving the scaphotrapezium joint with some associated synovitis. There was moderate effusion and subluxation of the distal radial ulnar joint which could represent a degree of joint dysfunction. There was minor tenosynovitis of the adjacent extensor carpi ulnaris tendon. There was possible tiny degenerative perforation in the radial side of the otherwise intact triangular fibrocartilage. There were scattered minor degenerative cysts throughout many of the carpal bones with minor osteoarthritis involving the first carpal metacarpal. The remainder of the wrist was unremarkable.

From April 14, 2014, through August 6, 2014, Ms. Nesgoda was treated by Cesar J. Bravo, M.D., of the Carilion Clinic. The notes indicated that Ms. Nesgoda suffered a rotator cuff tear with impingement. It was noted that she had a wrist splint on and complained of thumb pain. She was advised to complete physical therapy, which was subsequently noted to have helped. A functional capacity evaluation was ordered. The results recommended Ms. Nesgoda be placed in a light physical demand classification. Dr. Bravo opined that she was at maximum medical improvement. A nerve conduction study performed on June 11, 2014, revealed moderate to severe carpal tunnel entrapment due to increased latencies. On July 31, 2014, the claims administrator denied Ms. Nesgoda's request to add the additional conditions of carpal tunnel syndrome and a ganglion cyst of the right wrist. By a separate decision on the same day, the claims administrator denied the request for a consultation with an upper extremity specialist.

Joseph Grady, M.D., completed an independent medical evaluation on September 25, 2014. Dr. Grady noted that the ganglion cyst was not evident on examination and was not causing any symptoms. In relation to the carpal tunnel syndrome diagnosis, Dr. Grady stated it was difficult to trace the carpal tunnel syndrome to the compensable injury. However, he opined that based on the mechanism of injury, it was certainly very possible that it could have occurred as a result of that episode. Dr. Grady noted that Ms. Nesgoda does have extensive degenerative changes in her right wrist and hand. He did not believe that the changes were causing her current symptoms or limiting her ability to return to employment. On April 28, 2015, a report by A. Bobby Chhabra, M.D., was completed. Dr. Chhabra stated the etiology and progression of Ms. Nesgoda's carpometacarpal osteoarthritis was due to heredity, overuse, and some traumatic components.

On October 9, 2015, the Office of Judges determined that the diagnosis of right carpal tunnel syndrome and ganglion cyst were not compensable components of the claim. The Office of Judges determined that both diagnoses were the result of naturally occurring degenerative and osteoarthritic processes. The Office of Judges examined the April 14, 2014, MRI report and concluded that it showed clear degenerative disease in the right wrist. Dr. Grady stated it was difficult to say specifically that the carpal tunnel syndrome was due to the episode of the October 19, 2013, injury. Dr. Grady noted that the ganglion cyst was not evident on examination and was not causing any symptoms. The Office of Judges found the report of Dr. Chhabra to be

2

persuasive. Dr. Chhabra stated that the etiology and progression of Ms. Nesgoda's carpometacarpal osteoarthritis was not related to the compensable injury. The Office of Judges found that the visit with Dr. Chhabra was a reasonably required medical treatment but did not elaborate on why it was reasonable. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 3, 2016.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. The evidence of record supports the conclusion that Ms. Nesgoda's possible carpal tunnel syndrome and ganglion cyst were degenerative in nature. The upper extremity specialist, Dr. Chhabra, and Dr. Grady could not conclusively trace the carpal tunnel syndrome symptoms to the compensable injury. Further, Dr. Chhabra found that the possible carpal tunnel syndrome and ganglion cyst were due to other factors that were not work-related.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Margaret L. Workman

3